735 P.2d 1029

**Rick STORM, Petitioner-Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 16098.**

Supreme Court of Idaho.

April 8, 1987.

Stewart A. Morris, Boise, for petitioner-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and David R. Minert, Deputy Atty. Gen. (argued), Boise, for respondent.

PER CURIAM.

Rick Storm appeals from the district court's decision and order denying his petition for post-conviction relief as provided for in I.C. § 19–4901 *et seq.* Storm previously had been found guilty of rape. Storm alleges he did not receive effective assistance of counsel at trial. We affirm the decision of the district court.

## I. BACKGROUND

The facts as enumerated by Storm and agreed to by the state are as follows. Storm was convicted of committing a rape on June 2, 1981. The victim notified the authorities shortly after the alleged attack. Storm was arrested while walking home from the victim's residence at between 4:00 and 4:30 a.m. Initially, he was arrested and taken into custody pursuant to two outstanding traffic court warrants for failure to pay traffic court fines.

At the Ada County jail, the authorities advised Storm that he was a suspect in an alleged rape and questioned him regarding

the incident. Storm initially denied having had sexual contact with the victim, but later admitted to such contact, claiming it was consensual. He then was released following arraignment on the traffic matters.

At approximately 1:30 p.m. on the same day, Storm was formally arrested at his home on the charge of rape. The arresting officers asked Storm to talk to them outside. The arresting officers had no warrant for Storm's arrest; they also testified that no exigency required that they arrest Storm prior to obtaining a warrant. An Ada County prosecuting attorney had authorized a "probable cause" arrest.

Authorities again transported Storm to the Ada County jail where he was interrogated a second time. After being advised of his constitutional rights, Storm asked for an attorney. Officer Sprague testified that Storm subsequently made some spontaneous admissions. Storm claims that the questioning continued after his request for an attorney.

A preliminary hearing was held on June 16 and trial started on July 22. During the five-week period between the preliminary hearing and the trial, counsel for Storm made no pretrial motions to suppress the statements he made to police officers.

In his deposition, Storm's trial counsel stated that he conducted no investigation into the alleged victim's character and reputation for chastity and veracity. At trial, the victim testified that Storm forcibly raped her; he testified that she consented to sexual intercourse. Storm's trial counsel further testified that "I didn't investigate the victim's background, and in hindsight that would have been a good idea."

At trial, the interrogating police officers testified regarding the inconsistent statements Storm had made at the time of his arrest and interrogations. The state used these inconsistent statements to impeach Storm. Counsel for Storm made no objection to the use of these statements.

Storm's counsel believed that Storm needed to testify in his own defense. In his deposition, Storm's counsel noted that Storm was a "terrible witness." As a consequence of his testifying, it was revealed that Storm was on a felony probation. Trial counsel previously had believed Storm to have a "winnable" case.

Storm's counsel admitted no evidence on the victim's previous sexual conduct. His motion *in limine* to cross-examine the victim and offer other evidence on her previous sexual conduct was denied by the court.

At his deposition, trial counsel testified that the sentence Storm received was far too severe.

After Storm's conviction, his counsel filed no appeal. In his deposition, Storm testified that he asked his counsel to file an appeal, but his counsel indicated that there were no grounds for an appeal. Storm's counsel testified that when such defendants requested appeals they were routinely filed, that he could not recall a conversation with Storm about an appeal, and that he had believed there to be no grounds for an appeal on Storm's behalf.

On appeal, Storm argues his constitutional rights to effective assistance of counsel were violated by his trial counsel's alleged failures (1) to investigate the victim's character and reputation and to present impeaching evidence, (2) to file a motion to suppress or challenge the admissibility of Storm's statements made during custodial interrogations, (3) to object to allegedly prejudicial and inadmissible testimony offered by the state, and (4) to file an appeal. After briefly discussing the appropriate standard for review, we will address these arguments in turn.

## II. STANDARD FOR REVIEW

In the recent companion cases of *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986), and *Gibson v. State*, 110 Idaho 631, 634–35, 718 P.2d 283, 286–87 (1986), we discussed the standard for review both for petitions for post-conviction relief in general and for such petitions alleging ineffective assistance of counsel. We incorporate those discussions by reference, with the following additional comments.

**720**

■ As noted in *Paradis*, petitions for post-conviction relief are civil proceedings governed by the Idaho Rules of Civil Procedure. 110 Idaho at 536, 716 P.2d at 1308; I.C. 19–4907(a) (1979). The petitioner for post-conviction relief must prove by a preponderance of the evidence that he or she is entitled to relief. *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Holmes v. State,* 104 Idaho 312, 313, 658 P.2d 983, 984 (Ct.App.1983).

Where the district court decides after an evidentiary hearing as provided in I.C. § 19–4907 (1979), rather than summarily as provided in I.C. § 19–4906 (1979), the evidence must be "viewed most favorably to the trial court's findings...." *Estes v. State,* 111 Idaho 430, 434, 725 P.2d 135, 139 (1986). Findings supported by competent and substantial evidence produced at the hearing will not be disturbed on appeal. *Holmes, supra,* 104 Idaho at 313, 658 P.2d at 984 (*citing, inter alia, Lipps v. State,* 94 Idaho 185, 484 P.2d 734 (1971)).

In this case, the district court held an evidentiary hearing on November 28, 1983. The record on appeal contains no transcript, minutes, or other document giving an account of this hearing. Thereafter, Storm moved for summary judgment, supporting his motion with transcripts, depositions, and affidavits. The state submitted counter affidavits. The parties stipulated to the record as constituted by the various documents. The district court then rendered its final decision denying Storm's petition, relying on the stipulated record. The district court's decision was made in accordance with the standard appropriate after a full evidentiary hearing and not a summary proceeding where disposition is appropriate only where there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19–4906(c) (1979). Storm does not appeal from the standards employed by the district court. In this circumstance, we must review the decision of the district court as one pursuant to I.C. § 19–4907 (1979). *Deford v. State,* 105 Idaho 865, 867, 673 P.2d 1059, 1061 (1983). Thus, the standards for review described above pertain.

## III. FAILURE TO INVESTIGATE VICTIM'S BACKGROUND

Storm first argues that trial counsel's performance was defective in that he failed to adequately investigate the alleged victim's background related to veracity and prior sexual conduct—the latter receiving less emphasis. Because Storm claimed consent and the victim testified to the contrary, the victim's credibility and, assuming admissibility, past sexual conduct were potentially relevant and important to Storm's defense. At his deposition, trial counsel admitted, "Well, I didn't investigate the victim's background, and in hindsight I think that would have been a good idea." As we have consistently held, "[W]hen counsel's trial strategy decisions are made upon the basis of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation, the defendant may well have been denied the competent assistance of counsel." *Gibson, supra,* 110 Idaho at 635, 718 P.2d at 287 (*quoting State v. Tucker,* 97 Idaho 4, 10, 539 P.2d 556, 562 (1975). Trial counsel's admission of inadequate preparation raises a serious question of effectiveness.

■ However, we agree with the district court that Storm has failed to prove by a preponderance of the evidence that the alleged incompetency deprived him of a fair trial. To establish a violation of the constitutional guarantee to effective assistance of counsel, the defendant must show *both* deficient performance and resulting prejudice. *Id.* at 634–35, 718 P.2d at 286–87 (*citing Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and *Tucker, supra,* 97 Idaho at 12, 539 P.2d at 564).

Storm has failed to show admissible evidence or testimony which might have effectively cast doubt on the victim's credibility. To attack a witness's truthfulness with extrinsic evidence other than on cross-examination, I.R.E. 608(a) (Supp.1986) permits only opinion and reputation evidence as to untruthfulness, and not evidence of specific

instances of conduct.[1] None of the potential witnesses interviewed or deposed by Storm provided such testimony, but at best alluded to specific instances of untruthfulness.

Pastor Thomas J. Blackburn came the closest of any of the potential witnesses to providing reputation evidence for veracity. At one point during his deposition, Pastor Blackburn testified somewhat ambiguously as follows:

Q. Was there concern, then, in the community about [the victim's] reputation for truth, honesty and integrity?

A. Yes, sir. They were very concerned of the direction of her life because of her age and not being married and needing some guidance.

Tr., pp. 8–9.

However, further questioning established that Pastor Blackburn was referring to allegations of specific instances of untruthfulness rather than a general reputation for untruthfulness:

Q. So, in essence, what you had heard discussed about her was the fact that she had indicated she was going to move out from the relationship she had with her common law husband, and having problems with him, and then didn't move out?

A. Sometimes she did move out, sometimes she did not.

Q. Other than problems regarding [the victim's] relationship with her husband, did you hear her reputation discussed in the community regarding her truthfulness or dishonesty?

A. No, sir.

Tr., pp. 10–11.

Construing this testimony in favor of the district court's decision, *Estes, supra,* Storm clearly has not produced admissible evidence of the alleged victim's reputation for untruthfulness.

Nor has he produced admissible evidence of prior sexual conduct. Idaho's "rape shield" rule of evidence, I.R.E. 412 (Supp. 1986), bars the admission of "reputation or opinion evidence of the past sexual behav-ior of an alleged victim...." Thus, the proposed testimony of Storm's wife on the victim's reputation for chastity would be inadmissible.

I.R.E. 412(b) does permit, under limited circumstances, evidence of *specific instances* of sexual behavior where such is constitutionally required, I.R.E. 412(b)(1), or involves persons other than the accused and bears upon the issue of the source of the semen or injury, *id.* at (b)(2)(A), or involves the accused and bears upon the issue of consent. *Id.* at (b)(2)(B). However, Storm can point to no testimony admissible pursuant to I.R.E. 412(b).

## IV. FAILURE TO MOVE TO SUPPRESS STATEMENTS

■ Storm asserts that his arrest without a warrant violated his constitutional rights concerning unreasonable search and seizure. He further asserts that he asked for counsel during his interrogation but that interrogation continued and his statements were elicited in violation of his constitutional right to counsel. Storm then asserts: "It is clear from the above that defense counsel's failure to file a motion to suppress was deficient representation and prejudicial." Appellant's Brief, p. 30.

In his affidavit, Storm's trial counsel testified:

In your affiant's preparation of Rick Storm's case for jury trial, your affiant reviewed, among other things, all of the police reports and preliminary hearing transcript.

Based upon review of the evidence, your affiant could find no basis or reason to file a Motion to suppress statements made by Rick Storm to the policy officers following his arrest. That is why a suppression motion was not filed in Rick Storm's case.

R., p. 80.

The district court observed:

In this case the petitioner's attorney said in his deposition that he did not

---

1. This case must be reviewed in accordance with the rules of evidence prevailing now and which would prevail in a subsequent trial.

*Weaks v. Mounter,* 88 Nev. 118, 493 P.2d 1307, 1311 n. 6 (1972); *see generally,* 5 Am.Jur.2d, *Appeal and Error* § 729.

consider a motion to suppress or other pretrial motion necessary. The petitioner has introduced no evidence to rebut the presumption that this decision was reasonable. *There is no allegation or showing that the attorney was ignorant of the law, or that he was prepared inadequately on this issue.* Consequently, the petitioner did not receive ineffective assistance concerning the need for pretrial motions.

R., p. 97 (emphasis added).

We agree with the district court's conclusions.

## V. FAILURE TO OBJECT TO PREJUDICIAL AND INADMISSIBLE TESTIMONY

The district court described and disposed of this argument as follows:

The petitioner's third argument is that he was denied effective assistance when his attorney failed to object to prejudicial and inadmissible testimony offered by the State. The "prejudicial" statements were references that the police knew the defendant and where he lived, that the victim had a baby, and that the defendant had arrest warrants outstanding and was on probation for Grand Larceny.

The attorney was not asked about such a failure to object at his deposition. *There is no allegation or evidence that the attorney was ignorant of the law or inadequately prepared concerning this issue.* Therefore, the petitioner has failed to rebut the presumption that the attorney acted reasonably. Further, the alleged "prejudicial" statements are inconsequential. The fact that the victim had a child hardly serves to enhance her credibility. The State was entitled to ask if the defendant had a felony and could specify the nature of the felony. The other alleged errors are insignificant.

R., p. 98 (emphasis added).

We agree with these conclusions.

## VI. FAILURE TO FILE AN APPEAL

To Storm's claim that trial counsel provided ineffective assistance by failing to file an appeal, the district court responded:

The petitioner's attorney stated at his deposition that he never discussed an appeal with the petitioner, that he never refused to file an appeal where a client requested it, and that he saw no grounds to appeal this case. The petitioner has shown nothing to rebut the presumption that this decision was sound.

R., p. 99.

Again, we agree with these conclusions.

## VII. CONCLUSION

Viewing the record in favor of the findings of the district court, we affirm the district court's determination that Storm had failed his burden to prove he was denied effective assistance of counsel, and the district court's decision to deny Storm's petition for post-conviction relief.