787 P.2d 258

**Larry Peter PARROTT, Petitioner-appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17294.**

Supreme Court of Idaho.

Feb. 14, 1990.

---

Lisa A. Barini–Garcia, Twin Falls, Idaho, for appellant.

Jim Jones, Atty. Gen., Lawrence G. Wasden, Deputy Atty. Gen., argued, Boise, Idaho, for respondent.

WINMILL, Justice Pro Tem.

On March 1, 1985, Larry Peter Parrott was charged with having committed an infamous crime against nature.[1] The court appointed the Twin Falls County Public Defender as Parrott's counsel. Following entry of a not guilty plea at arraignment, Parrott's case was set for trial on June 11, 1985. After two continuances, the case proceeded to trial on August 13, 1985. Prior to trial, Parrott's original counsel resigned as public defender, and Timothy Wilson assumed the position of acting public defender.

On the day before trial Mr. Wilson requested a continuance based on his inability to contact witnesses and his lack of preparation. The motion was denied. The case was tried and the defendant convicted.

Following conviction, a motion for new trial was filed. Upon Parrott's motion, the

---

1. At trial the complaining witness testified that after two drinks she passed out and came to while being beaten about the head and back by Parrott and that she was then pushed into Parrott's bedroom where she was forced to perform an act of fellatio.

court discharged his public defender and allowed Parrott to proceed *pro se*. His motion for a new trial was denied, and Parrott was sentenced to an indeterminate life sentence.

Parrott filed a notice of appeal, but later moved to withdraw the appeal. This Court granted his motion. Proceeding *pro se*, Parrott then petitioned the district court for post conviction relief based primarily upon an allegation of ineffective assistance of counsel. He then retained counsel who represented him in opposition to the State's motion for summary denial of his petition for post conviction relief.

On October 13, 1987, the State's motion for summary disposition was heard. Parrott's counsel filed the deposition of trial counsel Timothy Wilson and four affidavits. The court granted the State's motion for summary disposition and dismissed Parrott's petition without an evidentiary hearing. Parrott now appeals the order granting summary disposition and asks for a remand for an evidentiary hearing.

This appeal raises two issues. First, whether a defendant may raise an issue of ineffective assistance of counsel in a petition for post conviction relief where that issue was raised in an earlier appeal, but the appeal was voluntarily withdrawn by the defendant prior to decision; second, whether the trial court erred in dismissing the post conviction petition without an evidentiary hearing. We will address each of these issues in turn.

■ The Uniform Post Conviction Procedure Act provides a mechanism whereby a person convicted of a crime may present evidence, not presented or heard at trial, which requires vacation of the conviction in the interest of justice. I.C. § 19–4901(a). As such, the Act provides an appropriate mechanism for considering claims of ineffective assistance of counsel.

■ However, post conviction relief proceedings are not a substitute for proceedings in the trial court, or of an appeal from the sentence or conviction. I.C. § 19–4901(b). Although a defendant alleging ineffective assistance of counsel at trial

may raise the issue on direct appeal or reserve it for post conviction proceedings, he may not do both. If the issue is raised and considered on appeal, it becomes *res judicata*. *Kraft v. State*, 100 Idaho 671, 674, 603 P.2d 1005, 1008 (1979). *Accord Paradis v. State*, 110 Idaho 534, 716 P.2d 1306 (1986); *Gibson v. State*, 110 Idaho 631, 718 P.2d 283 (1986).

■ Since Parrott's first appeal was withdrawn before briefing or oral argument, the issue of ineffective assistance of counsel has not been considered by this Court. Accordingly, the earlier appellate proceeding has no *res judicata* effect on Parrott's post conviction relief proceedings. We may therefore consider the merits of Parrott's petition.

■ Turning to Parrott's argument that the district court erred in dismissing his petition without an evidentiary hearing, we first note the standard of review. A trial court may grant a motion by either party for summary disposition of an application for post conviction relief where it appears from the pleadings that there is no genuine issue of material fact. I.C. § 19–4906(c). However, where issues of material fact exist, an evidentiary hearing must be held. I.C. § 19–4907; *Stone v. State*, 108 Idaho 822, 824, 702 P.2d 860, 862 (Ct.App.1985); *Drapeau v. State*, 103 Idaho 612, 651 P.2d 546 (Ct.App.1982).

■ On appeal, this Court must decide whether the State's summary disposition motion was properly granted. This requires that we view the facts in a light most favorable to the petitioner, and determine whether they would entitle him to relief if accepted as true. *Williams v. State*, 113 Idaho 685, 747 P.2d 94 (Ct.App. 1987); *Wolfe v. State*, 114 Idaho 659, 759 P.2d 950 (Ct.App.1988) (petition for review denied, December 8, 1988). While this requires that the petitioner's unrebutted allegations be accepted as true, we are not required to accept the petitioner's conclusions. *Kraft v. State*, 100 Idaho 671, 603 P.2d 1005 (1979).

■ This standard of review must be considered in the context of the defendant's

claim that he was denied effective assistance of counsel at trial. To establish that his constitutional right to effective assistance of counsel has been violated, a defendant in criminal proceedings must demonstrate not only that his counsel's performance was deficient, but that the deficient performance so prejudiced his defense as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Storm v. State*, 112 Idaho 718, 735 P.2d 1029 (1987); *Estes v. State*, 111 Idaho 430, 725 P.2d 135 (1986). To establish deficient performance, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 668, 104 S.Ct. at 2065. To prove prejudice requires a showing that "[t]here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* 104 S.Ct. at 2068. *Accord Gibson v. State*, 110 Idaho 631, 718 P.2d 283 (1986).

Parrott points to a number of failings on the part of his trial counsel, all of which focus on his counsel's lack of preparation. Parrott first argues that his trial counsel failed to conduct an investigation into the victim's credibility, her reputation for truthfulness, her prior sexual conduct, or her use of mind-altering drugs on the date of the crime.

■ Even if one accepts Parrott's allegations that his attorney's pretrial investigation was inadequate, there has been no showing that a more thorough investigation would have produced a different result at trial. Parrott has not directed our attention to any evidence which his trial counsel might have discovered concerning the victim's lack of veracity or her reputation for promiscuity which would have been admissible or which might have effectively cast doubt on her trial testimony. *See Storm v. State*, 112 Idaho 718, 735 P.2d 1029 (1987). Likewise, evidence of the victim's use of prescription drugs was presented to the jury, and there is no indication in the record that a more thorough investigation would have led to further evidence of drug usage beyond the evidence presented at trial. In short, the record does not indicate anything which trial counsel may have discovered from a more diligent investigation which would have been both admissible and likely to produce a different outcome at trial.

Next, Parrott argues that his trial counsel failed to locate one potential witness, did not subpoena another witness located just before trial, and failed to subpoena any witnesses until five days before trial. However, assuming these allegations to be true, there is no indication in the record as to how these witnesses might have testified, and how their testimony might have affected the outcome of the trial. The district court's summary disposition of this claim was therefore appropriate.

Parrott also complains that his attorney at trial called two witnesses to the stand who contradicted one another's testimony. However, the record is devoid of any indication that this contradiction would have been resolved by further investigation, or that the result at trial would have been different had such contradictory evidence not been presented to the jury. Accordingly, we sustain the district court's summary disposition of this issue.

■ Parrott asserts that his attorney failed to adequately consult with him prior to and during trial. Again, the defendant's argument stands unsupported by any evidence as to how further consultation would have changed the outcome at trial. There is no indication in the record that Parrott had vital information which he did not have the opportunity to communicate to his attorney. Nor is there any indication that Parrott did not have appropriate input in the planning of trial strategy. Without some indication in the record as to how further consultation might have affected the results at trial, summary disposition was appropriate. *See Drapeau v. State*, 103 Idaho 612, 615, 651 P.2d 546, 549 (Ct. App.1982).

■ Finally, Parrott makes the general argument that his attorney was not prepared for trial and did not implement a

coherent trial strategy.[2] Accepting these allegations as true, the record does not disclose a material issue of fact as to how trial counsel's conduct contributed to Parrott's conviction. Nor does the record reveal how increased preparation or a more developed trial strategy would have changed the outcome at trial. As in any case, trial counsel *could* have spent more time in preparing for trial and in developing his strategy. Such an expenditure of time *may* have led to more effective cross examination of the State's witnesses, to a better explanation of troublesome evidence, to the elimination of inconsistencies in the testimony of defense witnesses, and to discovery of evidence supportive of the defendant's case. However, this is sheer speculation. There has been no factual showing that Parrott was prejudiced by a lack of preparation or a developed trial strategy. Accordingly, we find that the district court correctly determined that it was not necessary to conduct an evidentiary hearing on this issue.

In summary, we conclude that the record before the district court revealed genuine issues of material fact as to whether trial counsel's conduct was deficient. However, the record did not disclose a genuine issue of fact which would support a finding that, but for counsel's deficient performance, the outcome of the trial would have been different. We therefore conclude that Parrott failed to make a *prima facie* showing that he was prejudiced by the ineffectiveness he assigned to his counsel. It necessarily follows that the district court was correct in summarily disposing of Parrott's petition for post conviction relief.

BAKES, C.J., and JOHNSON, J., concur.

HUNTLEY, J., sat but did not participate in this opinion prior to his resignation.

SHEPARD, J., sat but did not participate in this opinion prior to his untimely death.

JOHNSON, Justice, concurring specially.

I agree that the summary judgment entered by the trial court should be affirmed. However, I would premise the decision on the fact that Parrott presented the question of ineffective assistance of counsel to the trial court on his motion for new trial, then appealed the trial court's denial of a new trial and subsequently withdrew the appeal. In my view, Parrott's attempt to raise the issue of ineffective assistance by way of post-conviction relief is barred by the doctrine of claim preclusion or res judicata.

In ruling on the motion for new trial, the trial court said:

The second point is the inadequacy of counsel. The court is going to make a finding that is two-fold.

Again, if in fact there is inadequacy of counsel representation, a new trial would have to be granted, because it would violate Mr. Parrott's constitutional rights, but in this case Mr. Parrott very accurately stated that the standard for granting a new trial, where there is an alleged inadequate representation of counsel, that the adequate representation would have uncovered substantial evidence that was not brought out, that would have changed the result, or substantial evidence that could have changed the result. I would agree with Mr. Parrott that he wouldn't have to show that he would be acquitted.

In this case the court permitted Mr. Parrott to call several witnesses who, in the court's opinion, have shown that there has been substantial evidence that was not produced, therefore the fact that Mr. Parrott was denied a continuance is not a ground for granting a new trial. Because if, in fact, Mr. Parrott had been granted a continuance, there is no indica-

**2.** Parrott points to a number of incidents which occurred during trial and which arguably demonstrate his counsel's lack of preparation and failure to develop a meaningful trial strategy.

However, in view of our holding, we deem it unnecessary to deal with each incident relied upon by the appellant.

tion that further investigation by defense counsel would have uncovered substantial—uncovered evidence that would have had any kind of likelihood of changing the result.

The court is going to make a ruling *the representation by Mr. Wilson at the trial was not inadequate.* It was, of course, his first jury trial, however the court feels that a competent job was done over all.

After a case is completed there are ways of second-guessing, that he could have cross examined more, could have raised the issue of drugs, however it was a competent trial. Therefore *Mr. Wilson did competently represent the defendant at trial.*

The lack of pre-trial investigation, that was denied by the court, as opposed to any willful desire on Mr. Wilson's part, would not have resulted in any other evidence being produced. Therefore, the court will rule that in this case *there is not grounds for new trial on inadequacy of counsel,* either for Mr. Wilson having his hands tied for lack of pre-trial preparation, or for inadequately trying the case. (Emphasis added.)

Having had his day in the trial court on this issue, Parrott then appealed to this Court. Later, he withdrew the appeal. It is clear that if Parrott had continued with his appeal, and if this Court had affirmed the denial of a new trial, the decision of this Court would have precluded him from again raising the issue by way of a post-conviction application. *Kraft v. State,* 100 Idaho 671, 674, 603 P.2d 1005, 1008 (1979). Parrott's failure to complete his original appeal of this issue does not give him any greater status to raise the issue in this proceeding. The decision denying a new trial based on ineffective assistance of counsel became final when Parrott withdrew his appeal.