835 P.2d 661

Lawrence L. NELLSCH, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 18660.

Court of Appeals of Idaho.

July 9, 1992.

See also, 110 Idaho 594, 716 P.2d 1366.

E. Maureen Laflin, Supervising Atty., Sanda Meeker, Legal intern, Legal Aid Clinic, argued, Moscow, for petitioner-appellant.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., argued, Boise, for respondent.

SILAK, Judge.

In a petition for post-conviction relief, Lawrence Nellsch sought to withdraw his plea of guilty to the charge of first degree kidnapping alleging he was not aware at the time he entered the plea that the only penalties which could be imposed for the crime were life imprisonment or death. He also claimed that he was denied the effective assistance of counsel because his attorney failed to advise him of the mandatory minimum penalty for first degree kidnapping. The district court summarily dismissed the petition. For the reasons stated below, we affirm the summary judgment of the district court.

## I. PROCEDURAL HISTORY

The underlying procedural facts are relevant in this case. On November 16, 1984, Nellsch was charged by information with one count of first degree kidnapping, I.C. § 18–4501, two counts of robbery, I.C. § 18–6501, one count of possession of a controlled substance, I.C. § 37–2732, and one count of the infamous crime against nature, I.C. § 18–6605. At an arraignment hearing on December 13, 1984, Nellsch entered a plea of not guilty to all counts. The court informed Nellsch that the maximum penalty for first degree kidnapping

was death. Later in the hearing, the court informed Nellsch that the penalty for kidnapping could be life imprisonment or death, but did not use the word "minimum" in stating to Nellsch:

What the kidnapping statute says is that the penalty can be life imprisonment or death. In the event it was a life imprisonment, and conviction on all of them, those could be run in a consecutive fashion, in other words, the sentences could be stacked one on top of the other. You could be facing three consecutive life sentences, plus consecutive three years and five years in the other two cases, for a total of three life sentences plus eight more years, and a possible $5,000 fine. *Do you understand the maximum penalty that can be imposed?* (Emphasis added.)

On February 15, 1985, Nellsch withdrew his plea of not guilty and entered guilty pleas on all charges. Prior to accepting Nellsch's guilty pleas, the court discussed the charges against him as well as the element of criminal intent and explained to him the rights which he was waiving by changing his pleas. The court then discussed the maximum penalties that could be imposed for each of the crimes Nellsch committed. The court did not discuss the minimum sentences for any of the crimes.

On April 22, 1985, the district court imposed an indeterminate, twenty-five year sentence for kidnapping. The court imposed lesser sentences for the other crimes: two concurrent fifteen-year terms for the robberies, to be served consecutive to the kidnapping sentence; a five-year term for the infamous crime against nature, to be served concurrent with the robbery sentences; and a three-year term for possession of cocaine, to be served consecutive to the robbery sentences. Nellsch appealed arguing that the sentences were excessive and amounted to abuse of discretion by the district court.

On appeal, this Court held that Nellsch received an illegal sentence on the kidnapping conviction. *State v. Nellsch*, 110 Idaho 594, 716 P.2d 1366 (Ct.App.1986). The statute which prescribes the penalty for kidnapping, I.C. § 18–4504, requires that a person guilty of first degree kidnapping be sentenced either to death or to life imprisonment; the statute does not permit a term of years for first degree kidnapping.[1] Thus, Nellsch's sentence of twenty-five years did not meet the mandatory minimum life imprisonment penalty prescribed by statute. The case was remanded for resentencing.

On July 2, 1986, Nellsch appeared before the district court for resentencing. At that time, the court advised Nellsch that the only sentencing alternatives for first degree kidnapping were the death penalty or life imprisonment. The district court also advised Nellsch that a sentence of life imprisonment could be either fixed or indeterminate. The court then imposed the following sentences: a fixed three-year term for possession of cocaine; an indeterminate three-year term for the infamous crime against nature, to be served concurrently with the sentence for possession of cocaine; an indeterminate life sentence for the crime of first degree kidnapping, to be served consecutively to the sentences for possession of cocaine and the infamous crime against nature; and two indeterminate fifteen-year sentences for each of the two counts of robbery, to be served concurrently with the sentence for kidnapping. Nellsch took no appeal from this judgment and these sentences.

On October 13, 1989, Nellsch filed a petition for post-conviction relief seeking to withdraw his guilty plea to the kidnapping charge, and moved for summary disposition. The state moved to dismiss the peti-

---

1. Idaho Code § 18–4504 states:
 **Punishment—Liberation of kidnapped person.**—1. Every person guilty of kidnapping in the first degree shall suffer death or be punished by imprisonment in the state prison for life, provided, that the sentence of death shall not be imposed if prior to its imposition the kidnapped person has been liberated unharmed.
 2. Kidnapping in the second degree [where no ransom has been requested] is punishable by imprisonment in the state prison not less than one (1) nor more than twenty-five (25) years.

tion pursuant to I.C. § 19–4906(b), arguing that Nellsch had not met the burden of proving that a manifest injustice had occurred, that Nellsch had waived his claim by failing to withdraw his plea prior to resentencing, and that withdrawal of the plea at this late date would unfairly prejudice the state if it had to present its case against Nellsch at trial.

After hearing argument on the motions, the district court entered judgment in favor of the state and dismissed Nellsch's petition without an evidentiary hearing. The court found that Nellsch had been informed at resentencing of the holding of this Court, that the only possible sentencing alternatives were life (fixed or indeterminate) or a death sentence. The court also found that Nellsch had failed to justify the withdrawal of his plea by establishing the existence of a manifest injustice. Moreover, the court found that the state would be unfairly prejudiced by allowing the withdrawal of the plea, considering the amount of time that had passed since the plea was entered. Nellsch has appealed from this judgment.

## II. NELLSCH'S CLAIMS WERE CORRECTLY RAISED BY THE PETITION FOR POST–CONVICTION RELIEF

 Nellsch's petition claimed two grounds for relief: first, that he did not know the mandatory minimum sentence for first degree kidnapping when he entered his plea of guilty, and second, that he had received ineffective assistance of counsel at the time he entered his guilty plea. The Uniform Post–Conviction Procedure Act, I.C. §§ 19–4901–19–4911, provides a mechanism by which a person convicted of a crime may show that his conviction was in violation of the Constitution, that the conviction should be vacated in the interest of justice, or that the conviction is otherwise subject to collateral attack. I.C. § 19–4901(a); *see also Parrott v. State*, 117 Idaho 272, 274, 787 P.2d 258, 260 (1990). As such, the Act provides an appropriate mechanism for considering claims of ineffective assistance of counsel and claims that a plea of guilty was accepted in violation of the requirements set forth in I.C.R. 11.

 A petition for post-conviction relief is a special proceeding that is civil in nature; it is a proceeding entirely new and independent from the criminal action which led to conviction. *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986) (citing *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983)). Post-conviction relief proceedings are not a substitute for proceedings in the trial court, or for an appeal from the sentence or conviction. I.C. § 19–4901(b). A criminal defendant may raise a claim of ineffective assistance of counsel either on direct appeal or reserve the issue for post-conviction proceedings. *Parrott*, 117 Idaho at 274, 787 P.2d at 260. Because Nellsch did not appeal from his resentencing, he may raise the issue of ineffective assistance of counsel in his petition for post-conviction relief. The same holds true for his request to withdraw his plea of guilty, which is, in turn, based on a claim that the plea was accepted in violation of the requirements of I.C.R. 11. Nellsch's failure to appeal from his resentencing does not bar these claims from being heard on a petition for post-conviction relief.

## III. STANDARD OF REVIEW

 We first note our standard of review on the dismissal of the petition for post-conviction relief. A trial court may grant a motion by either party for summary disposition of an application for post-conviction relief where it appears from the pleadings that no genuine issue of fact exists. I.C. § 19–4906(c); *Parrott*, 117 Idaho at 274, 787 P.2d at 260. However, where issues of material fact exist, an evidentiary hearing must be held. I.C. § 19–4907; *Parrott*, 117 Idaho at 274, 787 P.2d at 260.

 Summary disposition under I.C. § 19–4906(b) is the procedural equivalent of summary judgment under I.R.C.P. 56. *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Thus, we ex-

ercise free review on appeal in determining whether a genuine issue of material fact exists. *See Edwards v. Conchemco, Inc.,* 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986). Furthermore, in ruling on an appeal from a summary disposition of a petition for post-conviction relief, we will determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions on file, together with any affidavits on file; moreover, the court will liberally construe the facts in favor of the moving party, together with all reasonable inferences to be drawn from the evidence. *Mitchell v. Siqueiros,* 99 Idaho 396, 398, 582 P.2d 1074, 1076 (1978).

## IV. VIOLATION OF I.C.R. 11

■ The relief sought by Nellsch in his petition for post-conviction relief was the withdrawal of his plea of guilty. Such a motion is addressed to the sound discretion of the district court and on review an appellate court asks whether the district court abused its discretion. *State v. Carrasco,* 117 Idaho 295, 298, 787 P.2d 281, 284 (1990). Ordinarily, a plea of guilty may not be withdrawn after sentencing. We look to the whole record to determine whether it would be manifestly unjust to preclude the defendant from withdrawing his plea. *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Almada v. State,* 108 Idaho 221, 224, 697 P.2d 1235, 1238 (Ct.App.1985); I.C.R. 33(c).

■ The proper exercise of the district court's discretion requires the court to identify the conflicting factors which should bear on the decision and to arrive at a decision based on a well-reasoned consideration of those factors. *State v. Ballard,* 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988). The burden is on the defendant to present a just reason for withdrawing the plea. *State v. Hawkins,* 117 Idaho 285, 289, 787 P.2d 271, 275 (1990). Failure of the defendant to present and support a plausible reason for withdrawing the guilty plea, even absent prejudice to the prosecution, militates against granting the motion. *Ballard,* 114 Idaho at 801, 761 P.2d at 1153. On appeal from the denial of such a motion, the burden is on the movant to establish the claimed abuse of discretion. *State v. Martinez,* 89 Idaho 129, 138, 403 P.2d 597, 603 (1965); *State v. Howell,* 104 Idaho 393, 396, 659 P.2d 147, 150 (Ct.App. 1983).

■ A motion to withdraw a guilty plea is governed by I.C.R. 33(c) which provides:

(c) Withdrawal of plea of guilty. A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The stricter "manifest injustice" standard is deemed necessary to prevent an accused from pleading guilty to test the weight of potential punishment and then subsequently attempting to withdraw the plea if the sentence is too severe. *State v. Lavy,* 121 Idaho 842, 844, 828 P.2d 871, 873 (1992).

■ The district court, in denying Nellsch's motion for summary disposition and in entering summary judgment in favor of the state, concluded that it would not be manifestly unjust to deny Nellsch's motion to withdraw his guilty plea to kidnapping. We agree with this conclusion but for reasons that differ in part from those expressed by the district court. The district court concluded that, at the time of arraignment and at the time of the change of plea, Nellsch was properly informed of the possible sentence for first degree kidnapping. The record, however, reflects that immediately before taking the guilty plea to first degree kidnapping, the district court advised Nellsch as follows:

... then in Case No. 42615, which is the case that carries three counts, the first count being Kidnapping in the First Degree, the maximum possible penalty that could be imposed in that case would be death. The alternate maximum penalty would be life imprisonment. After I get through with these, I'm going to go back and talk to you a little bit about the possibility of the alternate fixed-term sentence.

. . . .

The Legislature has provided for what they call an alternate fixed-term sentence. The Court normally in most cases would impose what they call an indeterminate sentence. That means, for example, in the sentence imposed for ten years, an indeterminate sentence, he would be eligible for parole in certain violent crime situations after one-third of the sentence had been served. Now, in a case of kidnapping and robbery, I believe also included in that, if the sentence is more than the ten years, you would have to serve ten years before you would be eligible for parole. Now, the Court could impose a fixed term sentence, which, for instance, would be a set amount of time that you would serve in the penitentiary, less any good conduct time, without being eligible for parol during that period.

The above-quoted statements by the district court could have been construed by Nellsch to mean that he could be given a fixed term of years, particularly in view of the statement, "Now, in a case of kidnapping ..., if the sentence is more than the ten years, ..." Nellsch could have believed that he could have received a term of years rather than a fixed or indeterminate life sentence, and therefore he was not properly advised of the minimum possible penalty, which was, at that time, a life sentence, either fixed or indeterminate. Indeed, as noted earlier, the district court did sentence Nellsch to an indeterminate term of years.

The analysis does not end at this juncture. A review of the record indicates that, at the resentencing, the district court made clear that the only possible sentence was the one set forth in the Court of Appeals decision. Idaho Criminal Rule 11(c)(2) requires, before the court accepts a guilty plea, that the defendant be informed of the consequences of the plea, including the minimum and the maximum punishments. Following a hearing on the motion to dismiss Nellsch's petition for post-conviction relief, the district court correctly concluded that Nellsch had been informed of the maximum and minimum punishments for first degree kidnapping prior to the second sentencing. It was therefore appro-priate to deny the change of plea in the post-conviction proceeding because no manifest injustice occurred: prior to sentence being imposed, the defendant had been correctly advised of the minimum penalty for first degree kidnapping.

Our conclusion that the failure of the district court to advise Nellsch explicitly that the minimum sentence for first degree kidnapping was life imprisonment did not result in a manifest injustice is also based upon our conclusion that such a failure can in this case be characterized as a mere technical violation of I.C.R. 11(c). In *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), the defendant moved to withdraw his guilty plea after he discovered that his sentence carried a mandatory parole term. The district court denied the motion, concluding that the defendant had suffered no prejudice as the result of the Fed.R.Crim.P. 11(c) violation. The Court of Appeals disagreed, ruling that a Rule 11 violation is prejudicial per se. The Supreme Court rejected this view, holding that district court's failure to advise the defendant of the mandatory parole term was neither a constitutional nor jurisdictional defect, but rather a technical violation of Fed.R.Crim.P. 11. The Supreme Court further concluded that collateral relief from the guilty plea would not be granted where the defendant could make no reasonable claim that the error resulted in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." *Timmreck,* 441 U.S. at 784, 99 S.Ct. at 2087.

Although it is true that Nellsch claimed he was unaware of the minimum sentence at the time he entered his guilty plea, and that he would not have entered the plea if he had been so informed, he has failed to explain why he did not attempt to withdraw his plea prior to the resentencing hearing or why he did not raise this issue on direct appeal from the resentencing. Under these circumstances, any failure to inform the petitioner of the minimum term prior to the entry of the plea must be viewed only as a technical deficiency. *See United*

*States v. Carey,* 884 F.2d 547, 549 (11th Cir.1989), *cert. denied* 494 U.S. 1067, 110 S.Ct. 1786, 108 L.Ed.2d 787 (1990) (failure to inform defendant of mandatory period of supervision prior to sentencing was harmless error where defendant learned of such requirement prior to sentencing and failed to object); *compare United States v. Hourihan,* 936 F.2d 508 (11th Cir.1991) (court reversed lower court's denial of defendant's motion to withdraw plea which had been entered based on erroneous understanding of the mandatory minimum penalty); *United States v. Pierce,* 893 F.2d 669 (5th Cir.1990) (court reversed defendant's conviction because he had not been advised of the mandatory minimum and maximum penalties provided by law for his offense of drug trafficking); *United States v. Molina–Uribe,* 853 F.2d 1193, 1199–1200 (5th Cir.1988) (court vacated a guilty plea because the trial court did not advise the defendant of the statutory special parole term, which like the mandatory minimum and maximum sentences, is now specifically covered by Fed.R.Crim.P. 11(c)(1)); *see also United States v. Colunga,* 786 F.2d 655 (5th Cir.1986), *cert. denied* 484 U.S. 857, 108 S.Ct. 165, 98 L.Ed.2d 120 (1987).

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

We turn next to the question whether the district court erred in dismissing Nellsch's claim for post-conviction relief based on the assertion that he did not have effective assistance of counsel.[2] We note that the claim of ineffective assistance of counsel, as raised on appeal, raises several sub-issues including questions—as framed on appeal—of whether his counsel informed him of the minimum penalty for first degree kidnapping, whether his coun-

sel informed him that he could withdraw his plea prior to resentencing, and whether his counsel informed him of his right to appeal after resentencing.

The district court concluded that Nellsch was informed of the consequences of his plea of guilty to the first degree kidnapping charge, including the minimum and maximum punishments, before he entered his guilty plea. Because the district court concluded that Nellsch knew there was no penalty less than life imprisonment, it did not specifically address the question whether Nellsch had the effective assistance of counsel.

Until allegations contained in a verified application are controverted by the state, they are deemed to be true for the purpose of determining whether an evidentiary hearing should be held. *Cooper v. State,* 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975); *Ramirez,* 113 Idaho at 88, 741 P.2d at 375. In his affidavit in support of his petition for post-conviction relief, Nellsch stated:

### VI.

Prior to the Court of Appeals decision, I was never informed (by anyone) that a plea of guilty would necessarily result in a life sentence or the death penalty. In other words, I was not informed of the minimum penalty for First Degree Kidnapping.

### VII.

I was never informed by the Court prior to entering my plea of guilty that my sentence would necessarily result in the death penalty or life imprisonment.

---

**2.** In order for a defendant in a criminal proceeding to establish that his constitutional right to effective assistance of counsel has been violated, the defendant must show two things: the defendant must demonstrate that his counsel's performance was deficient and the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); *see also Parrott,* 117 Idaho at 275, 787 P.2d at

261; *Cunningham v. State,* 117 Idaho 428, 432, 788 P.2d 243, 247 (Ct.App.1990). This same two-part standard is applicable to ineffective assistance claims arising out of the plea bargain process. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) (summary dismissal of petition claiming ineffective assistance of counsel affirmed where petitioner's allegations were insufficient to satisfy the *Strickland* requirement of "prejudice" because petitioner did not claim that he would have pleaded not guilty and insisted on going to trial).

## VIII.

I was never informed by my then defense counsel prior to entering my plea of guilty that my sentence would necessarily result in the death penalty or life imprisonment.

## IX.

I was never informed by the prosecuting authorities prior to entering my plea of guilty that my sentence would necessarily result in the death penalty or life imprisonment.

## X.

Had I been informed of the minimum punishment for First Degree Kidnapping I would not have pled guilty; instead, I would have exercised my constitutional right to a jury trial.

These factual allegations raise a claim that Nellsch was denied the effective assistance of counsel when he entered his plea and when he was sentenced for the first time.

The question we must then consider is whether there was any genuine issue of fact regarding whether Nellsch was denied the effective assistance of counsel. While disagreeing with the district court's rationale, we affirm its judgment. When a lower court reaches the correct result despite application of an erroneous legal theory, we will uphold the decision on appeal by applying a correct theory to the same facts. *Dept. of Health and Welfare ex rel. Gage v. Engelbert,* 114 Idaho 89, 90, 753 P.2d 825, 826 (1988); *Andre v. Morrow,* 106 Idaho 455, 459, 680 P.2d 1355, 1359 (1984). In addition, we note that when an appellate court reviews a question of law, it is free to draw its own conclusions from the evidence presented. *Coeur d'Alene Mining Co. v.*

*First Nat'l Bank of North Idaho,* 118 Idaho 812, 824, 800 P.2d 1026, 1038 (1990).

The facts in the record indicate that even though Nellsch alleged that his counsel failed to advise him that the only possible penalties for first degree kidnapping are life imprisonment or death, Nellsch was correctly advised of the mandatory sentence prior to the resentencing. At the resentencing, the district court made clear that the only possible sentence was the one set forth in this Court's first appellate decision. We note also that our first decision was available to Nellsch. The fact that Nellsch knew, before the second sentencing hearing, that the court was restricted to two possible sentences cures any harm that resulted from his counsel's alleged failure to advise him of the correct sentence before he entered his guilty plea.

Nellsch also argues on appeal that he was denied the effective assistance of counsel because his counsel did not inform him that he could withdraw his plea of guilty after this court ordered resentencing. We note first that Nellsch's argument assumes that a defendant may withdraw a plea of guilty prior to resentencing. The appellate courts of this state have not previously ruled on this issue and we decline to do so in this case.[3]

In his petition and in his supporting affidavit, Nellsch did not raise the claim that his counsel had failed to inform him that he could move to withdraw his plea prior to resentencing. Issues not raised in the trial court cannot later be raised on appeal unless the alleged error constitutes "fundamental error." *State v. Mauro,* 121 Idaho 178, 824 P.2d 109, 111 (1991); *Lavy,* 121 Idaho at 844, 828 P.2d at 873. Fundamental error has been defined to mean an error "which so profoundly

---

**3.** We note that the federal courts have determined that a criminal defendant is entitled to withdraw a guilty plea prior to resentencing. *United States v. Colunga,* 786 F.2d 655, 658 (5th Cir.1986) (defendant entitled to withdraw plea after receiving incorrect sentencing information), *cert. denied* 484 U.S. 857, 108 S.Ct. 165, 98 L.Ed.2d 120 (1987); *United States v. Story,* 891 F.2d 988, 997 (2nd Cir.1989) (defendant had option of withdrawing plea on resentencing af- ter his erroneous sentence was vacated and remanded); *United States v. Golden,* 795 F.2d 19, 21 (3rd Cir.1986) (lower court had jurisdiction to hear defendant's motion to withdraw his guilty plea after defendant obtained an order staying execution of his sentence). These federal cases indicate that where a court vacates a defendant's sentence and remands the case for resentencing, the defendant stands before the court as if he had not yet been sentenced.

distorts the trial that it produces manifest injustice and deprives the accused of his constitutional right to due process." *Id.* Even assuming that the right to the effective assistance of counsel is the type of defect that can be raised for the first time on appeal, the record does not support the assertion because there is no verified statement from Nellsch that his counsel did not properly advise him.

The same analysis applies to Nellsch's claim that his counsel did not advise him of his right to appeal from the resentencing. Nothing in the record supports the claim, even if we could consider the issue for the first time on appeal.

## VI. CONCLUSION

The district court properly granted summary judgment against Nellsch on the basis that manifest injustice sufficient to permit the withdrawal of the guilty plea was not shown. Further, the record does not support a finding of ineffective assistance of counsel.

The judgment of the district court denying the petition for post-conviction relief is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.