875 P.2d 941

**Isaias M. MARTINEZ, Plaintiff–Appellant,**

v.

**STATE of Idaho, Defendant–Respondent.**

**No. 20562.**

Court of Appeals of Idaho.

June 2, 1994.

Review Denied Oct. 20, 1994.

Van G. Bishop, Nampa, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Isaias Madrigal Martinez appeals from a district court order dismissing his application for post-conviction relief. For the reasons explained below, we affirm.

### Factual Background.

In September, 1990, Martinez entered a plea of guilty to one count of conspiracy to deliver cocaine and received a unified sentence of fifteen years, with a fixed term of eight years in confinement. No appeal was taken from that judgment nor from the denial of Martinez' Rule 35 motion for a reduced sentence. In July, 1992, Martinez filed a verified application for post-conviction relief seeking to set aside his conviction and to withdraw his plea of guilty. In his application, Martinez claimed that he received ineffective assistance of counsel; that the state breached its plea agreement; and that his limited ability to communicate in the English language prevented him from fully understanding the nature of the plea-entry proceeding and the consequences of his plea.

After filing an answer to Martinez' application, the state moved for summary disposition under I.C. § 19–4906. The district court granted the state's motion as to Martinez' first two claims, but found there existed an issue of material fact as to whether Martinez sufficiently understood the language used during the proceeding when his plea was accepted. *See Gonzales v. State,* 120 Idaho 759, 819 P.2d 1159 (Ct.App.1991). Following an evidentiary hearing on that issue, the district court dismissed Martinez' final claim and entered an order dismissing his application.

### Issues Presented.

On appeal from the order dismissing his application for post-conviction relief, Martinez raises two issues: (1) that the court erred in finding that Martinez sufficiently

understood the proceedings leading to the entry of his plea; and (2) that the district court erred in refusing to hold an evidentiary hearing on his claim of ineffective assistance of counsel.

### Standards of Review.

■ An application for post-conviction relief initiates a special proceeding in which the applicant bears the burden of pleading and proof imposed upon a civil plaintiff. *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990); *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969). Thus, an applicant must allege, and then prove by a preponderance of the evidence, the facts necessary to establish his claim for relief. I.C.R. 57(c); *Estes v. State*, 111 Idaho 430, 725 P.2d 135 (1986).

■ Summary disposition under I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. *Ramirez v. State*, 113 Idaho 87, 741 P.2d 374 (Ct.App.1987); *Nellsch v. State*, 122 Idaho 426, 835 P.2d 661 (Ct.App.1992). Allegations contained in a verified application are deemed to be true for the purpose of determining whether an evidentiary hearing should be held. *Cooper v. State*, 96 Idaho 542, 531 P.2d 1187 (1975); *Ramirez*, 113 Idaho at 89, 741 P.2d at 376. If the allegations fail to frame a genuine issue of material fact, the court may grant a party's motion to summarily dispose of the claim. I.C. § 19–4906(c); *Parrott v. State*, 117 Idaho 272, 787 P.2d 258 (1990). The issue on appeal from the summary dismissal of an application for post-conviction relief is whether the application alleges facts which, if true, would entitle the applicant to relief. *Whitehawk v. State*, 116 Idaho 831, 780 P.2d 153 (Ct.App.1989).

■ However, if the application raises material issues of fact, the district court must conduct an evidentiary hearing and make specific findings of fact on each such issue. I.C. § 19–4907(a). On appeal, we will disturb the trial court's findings of fact only if they are clearly erroneous. A finding of fact will not be deemed clearly erroneous if it is supported by substantial, even if conflicting, evidence in the record. *Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (1983). However, we will freely review the legal conclusions drawn by the trial court from those facts. *Young v. State*, 115 Idaho 52, 764 P.2d 129 (Ct.App. 1988).

### Validity of the Guilty Plea.

■ Martinez sought to have his conviction set aside on the ground that he did not knowingly and understandingly enter his guilty plea. This claim is premised on his allegedly limited ability to communicate in the English language which, he contends, caused him to misunderstand the consequences of pleading guilty.[1] After conducting an evidentiary hearing to determine the extent of Martinez' proficiency in English, the district court expressly found that Martinez had fully understood the proceeding and the consequences of his plea, and denied his claim. On appeal Martinez contends that the evidence presented at that hearing demonstrated that he had not understood all that had transpired during the plea-entry proceeding, and that the district court's contrary finding was clearly erroneous. However, our review of the record satisfies us that the court's finding is supported by substantial, albeit conflicting, evidence.

At that hearing, the state presented the testimony of the deputy prosecutor, who had been present during Martinez' preliminary hearings and who at one point had engaged in direct plea negotiations with him. The prosecutor testified that at the initial arraignment, Martinez had appeared without an interpreter and that for the first five minutes of that hearing, Martinez listened to the court, answered its questions in English and also asked questions in English. According to the prosecutor, Martinez requested an interpreter only after receiving a hand signal from the alleged "ring leader" of the drug conspiracy, who evidently was present in the courtroom. The prosecutor also testified that he later met with Martinez to discuss a possible plea bargain. At the begin-

---

1. Aside from this allegation, Martinez does not otherwise assert that the district court's plea-taking procedure violated the requirements of I.C.R. 11(c), *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), or *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976).

ning of that meeting Martinez was handed a waiver-of-rights form and asked if he understood English. Martinez read part of the first page aloud, read the remainder of the three-page document to himself, and then signed it. The prosecutor also testified that although a translator was present throughout that meeting, her services were not used because Martinez answered all of the questions in English. Additionally, the prosecutor claimed Martinez sent him several letters and documents in English, some in Martinez' own handwriting.

We hold that this testimony constituted substantial evidence upon which the district court reasonably could find that Martinez understood English well enough to have fully understood the consequences of his plea. Accordingly, we will uphold that finding on appeal.

### Ineffective Assistance of Counsel.

Martinez also argues that the district court erred in summarily dismissing his claim of ineffective assistance of counsel. He maintains that his application raised a material issue of fact on the question "whether an attorney who prevents an hispanic defendant from clarifying guilty plea proceedings with a translator has rendered ineffective assistance of counsel," and that he therefore was entitled to an evidentiary hearing on his allegation.[2]

Claims alleging ineffective assistance of counsel are evaluated under the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, the applicant must demonstrate that his counsel's performance was deficient, and also that the deficient performance was prejudicial. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064–65. To establish deficient performance, the applicant must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* To prove prejudice, the applicant must show there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. *Id.,* at 694, 104 S.Ct. at 2068; *Parrott,* 117 Idaho at 274–75, 787 P.2d at 260–62. This latter "prejudice" requirement focuses on whether counsel's ineffective performance impacted the outcome of the case. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985); *Griffith v. State,* 121 Idaho 371, 825 P.2d 94 (Ct.App.1992). In order to avoid summary dismissal, then, a post-conviction claim of ineffective assistance of counsel must allege sufficient facts under *both* parts of the test. *Lockhart,* 474 U.S. at 59, 106 S.Ct. at 370–71. Although *Strickland* typically has been applied to claims of ineffective assistance occurring at trial or sentencing, its standards are equally applicable to ineffective assistance claims arising out of the plea process. *Id.; Griffith,* 121 Idaho at 374, 825 P.2d at 97.

Applying *Strickland* to the instant case we conclude that Martinez has failed to produce facts sufficient to state a claim that entitles him to relief. Assuming, without deciding, that the attorney's alleged hinderance of communication at the plea hearing amounted to the deficient performance of counsel under the first part of the test, Martinez nonetheless has failed to demonstrate any prejudice resulting from such conduct, which is required by the second part of the test. As noted earlier, the district court found that Martinez sufficiently understood the proceedings and did not need the benefit of an interpreter. In the absence of a showing of prejudice, the district court's summary dismissal of that claim was proper.

### Conclusion.

The district court's order dismissing Martinez' application for post-conviction relief is affirmed.

LANSING and PERRY, JJ., concur.

---

**2.** Martinez' application contained other allegations of deficient performance on the part of his counsel. However, these allegations which are not urged either in his brief or oral argument and which are not supported by citations are not

entitled to consideration on appeal from denial of post-conviction relief. *Walker v. State,* 92 Idaho 517, 446 P.2d 886 (1968). Accordingly, we will address only the allegation which Martinez has urged on appeal.