**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38107**

| | | |
|---|---|---|
| **WILLIAM EDWARD CLARK,** | ) | **2012 Unpublished Opinion No. 352** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: February 3, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. John H. Bradbury, District Judge.

Order denying application for post-conviction relief, <u>affirmed</u>.

William E. Clark, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

William Edward Clark appeals from the district court's denial of his application for post-conviction relief following an evidentiary hearing. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Pursuant to a plea agreement, Clark pled guilty to leaving the scene of an injury accident, I.C. § 18-8007, and injury to a child, I.C. § 18-1501(1). Clark was sentenced to a unified term of five years, with a minimum period of confinement of two years, for leaving the scene of an injury accident and a concurrent unified term of six years, with a minimum period of confinement of two years, for injury to a child. Subsequently, Clark filed an application for post-conviction relief, alleging that his counsel was ineffective for failing to be physically present during his change of plea hearing, failing to provide him with discovery in his case, and failing to meet with him to discuss the circumstances of his case or his plea agreement. Counsel was

1

appointed to represent Clark. After an evidentiary hearing, the district court denied Clark's application. Clark appeals.

## II.

### STANDARD OF REVIEW

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the defendant was convicted upon a guilty plea, to satisfy the prejudice element, the claimant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

## III.

## ANALYSIS

Clark argues that the district court erred in denying his application for post-conviction relief and reasserts the allegations laid out in his application. At the evidentiary hearing, Clark testified that his attorney failed to provide him with discovery in his case and that, as a consequence, he was unaware of the facts that made up the state's case against him. Clark also testified that his trial counsel pressured him into accepting the plea agreement by failing to discuss his case and failing to prepare for trial. Clark stated that his trial counsel only met with him three times in jail prior to the entry of his guilty plea and that, on each occasion, his counsel refused to talk about the particulars of his case and simply urged him to accept the plea agreement. Clark testified that he accepted the plea agreement only because he feared his counsel was unprepared to go to trial and that, had his counsel not been ineffective, he would not have pled guilty.

Clark's attorney also testified at the evidentiary hearing. Clark's attorney testified that his general practice was to share any discovery in a case with his client and that Clark was aware of the nature of the charges against him because sworn witnesses testified to the facts at both a probation violation evidentiary hearing and a preliminary hearing when Clark was present. The attorney also stated that he met with Clark at least seven times to discuss his case and that, although he could not remember with specificity his discussions with Clark, his practice was to present plea agreements to his clients and to make clear that the final decision on whether to accept was the client's. The attorney stated that during his visits Clark was uncooperative and refused to discuss his case. Jail logs were also entered into evidence that demonstrated Clark's attorney visited him at least seven times in jail prior to his guilty plea.

In denying Clark's application, the district court found that Clark's testimony was not credible. The district court noted that Clark's assertion his attorney visited him only three times in jail was directly contradicted by the jail logs. The district court also noted that Clark's allegation that he was not informed of the facts which were alleged against him was contradicted by the fact Clark was present at two hearings in which witnesses testified as to the factual basis for the charges. The district court concluded that the testimony of Clark's attorney was more credible than Clark's testimony. We will not disturb the district court's factual findings unless they are clearly erroneous. The record demonstrates Clark was visited by his attorney at least

3

seven times prior to his guilty plea and that Clark was informed of the facts alleged against him prior to pleading guilty. Clark has failed to demonstrate by a preponderance of the evidence that his counsel's representation fell below an objective standard of reasonableness. Therefore, we hold that the district court did not err in denying Clark's application for post-conviction relief.

## IV.

## CONCLUSION

We hold that the district court did not err in denying Clark's application for post-conviction relief because Clark failed to demonstrate that his counsel's representation fell below and objective standard of reasonableness. Therefore, the district court's order denying Clark's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**