894 P.2d 159

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jerry Wayne WILSON, Defendant–Appellant.**

No. 21342.

Court of Appeals of Idaho.

April 3, 1995.

Rehearing Denied May 23, 1995.

Danny J. Radakovich, Lewiston, for appellant.

Hon. Alan G. Lance, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, and Catherine L. Derden, Arkansas, for respondent. Catherine L. Derden argued.

PERRY, Judge.

In this appeal, we are asked to decide whether a district court properly denied a motion to suppress evidence based on a claim that Miranda warnings were not given or were improperly given and that the defendant's confession was coerced. We also must decide whether a fifteen-year sentence, with a minimum period of confinement of five years, for sexual abuse of a minor was an abuse of discretion and whether a defendant should have been allowed to withdraw his guilty plea following sentencing. We affirm.

## FACTS AND PROCEDURE

In October of 1993, Jerry Wilson was arrested at his home after allegations by his fifteen-year-old step-daughter that Wilson had been engaging in sexual intercourse with her. Wilson was briefly held at the Idaho County Sheriff's office in Kooskia before being transported to the Idaho County Jail in Grangeville by Lieutenant Skott Mealor. Mealor and Wilson had been acquaintances for several years prior to this incident. Mealor stated that before the two drove to Grangeville, he orally informed Wilson of his Miranda rights. During the drive to Grangeville, Wilson confessed that he had in fact been having intercourse with his step-daughter. Once at the jail in Grangeville, Wilson gave two more statements, both of which were tape recorded. One of these statements was given to the prosecuting attorney. Wilson does not allege in this appeal that officers failed to give him Miranda warnings prior to these later statements.

Wilson was charged with one count of lewd conduct with a minor under the age of sixteen, I.C. § 18–1508, and one count of possession of material sexually exploiting a child under the age of eighteen, I.C. § 18–1507A. This latter charge was subsequently dismissed when no sexually exploitative material was found after a search of Wilson's residence.

Prior to trial, Wilson sought to suppress the statements made to Mealor during his ride to Grangeville and also those statements he made once there. Wilson asserts that he was not given his Miranda warnings prior to making the statements during the ride to Grangeville. Wilson further alleges that he was misled into confessing to Mealor by promises of leniency. Wilson asserts that the statements made once he arrived in Grangeville were the "fruit of the poisonous tree," and should be excluded because they were derived from the first, improperly taken, statement.

The case came to trial in March of 1994. After the jury was selected, but before any evidence was presented, a plea bargain was entered into whereby Wilson would plead guilty to a lesser charge of sexual abuse of a minor. I.C. § 18–1506. Wilson agreed to the plea bargain on the condition that he be allowed to appeal the district court's denial of his suppression motion. Following acceptance of the plea, Wilson was sentenced to a fifteen-year indeterminate term with a minimum period of confinement of five years. Wilson then filed a motion to withdraw his guilty plea, claiming that his plea had not been entered into voluntarily and that newly discovered evidence regarding the victim's credibility made a successful defense more likely. This motion was denied. Wilson appeals, claiming the district court erred in denying his suppression motion, abused its discretion in imposing the sentence, and erred by refusing to allow him to withdraw his guilty plea after sentencing.

## ANALYSIS

### A. DENIAL OF THE SUPPRESSION MOTION

Wilson first challenges the district court's denial of his motion to suppress the statements made to officers and to the prosecutor in the case. Wilson asserts that he was not given Miranda warnings prior to making the statements during the ride to Grangeville. Further, he claims that even if the proper warnings were given, their importance was downplayed by Mealor. He claims that by Mealor's comments and conduct, he was lulled into a false sense of security. Further,

Wilson alleges that Mealor raised questions about how the incident would harm Wilson's family and implied that leniency would result if Wilson cooperated.

■■■■ Ultimately, Wilson's challenge to the first statement is that it was not given voluntarily. Our standard in reviewing whether a defendant's custodial statements to police agents were voluntarily given is one of deference to the lower court's findings of fact, if they are not clearly erroneous. We then exercise free review over the question of whether the facts found are constitutionally sufficient to show voluntariness. *State v. McLean,* 123 Idaho 108, 111, 844 P.2d 1358, 1361 (Ct.App.1992). It is the state's burden to prove, by a preponderance of the evidence, that a statement was voluntarily made. *State v. Carey,* 122 Idaho 382, 384, 834 P.2d 899, 901 (Ct.App.1992). In making the determination of whether a statement is voluntary, we look to the totality of the circumstances. *State v. Whiteley,* 124 Idaho 261, 858 P.2d 800 (Ct.App.1993). We may consider the characteristics of the accused as well as the details of the interrogation, including whether Miranda warnings are given. *State v. Troy,* 124 Idaho 211, 858 P.2d 750 (1993).

■■■■ Whether Mealor actually gave Miranda warnings to Wilson prior to their drive to Grangeville is a question of fact for the trial court. Lieutenant Mealor testified that prior to the drive, he read Wilson his Miranda rights from a plastic card that Mealor carried with him. Wilson, on the other hand, stated in his affidavit in support of his suppression motion that he had "no recollection of being advised of his right to remain silent or his right to consult an attorney." The district court concluded that Wilson had been given Miranda warnings before any incriminating statement was made. Our review of the testimony in this case does not indicate that this factual determination by the district court was clearly erroneous.

Wilson claims that even if he was read his Miranda rights, the statements were not voluntary because of Mealor's comments and behavior. By downplaying the seriousness of the charges, by stressing the harm that might come to Wilson's family and by making

implied promises of leniency, Wilson claims Mealor improperly induced him to confess, making the statement involuntary.

■ For a defendant's statement to be found to be involuntarily given, the defendant's will must have been overcome by the police conduct at the time of the confession. *Schneckloth v. Bustamonte*, 412 U.S. 218, 225–26, 93 S.Ct. 2041, 2046–47, 36 L.Ed.2d 854 (1973); *State v. McLean*, 123 Idaho 108, 111, 844 P.2d 1358, 1361 (Ct.App.1992). Vague assurances of leniency, in and of themselves, do not necessarily render a confession inadmissible. *Id.* at 112, 844 P.2d 1358. The reviewing court must determine whether the statements made to the defendant were sufficient to undermine the defendant's free will. *State v. Kysar*, 114 Idaho 457, 458, 757 P.2d 720, 721 (Ct.App.1988). If the defendant's free will is undermined by threats or through direct or implied promises, then a statement cannot be considered voluntary and is inadmissible. Similarly, psychological pressures bearing on a defendant that are not created by police conduct do not require the suppression of a confession. *State v. Carey*, 122 Idaho 382, 385, 834 P.2d 899, 902 (Ct.App.1992). The district court, considering the totality of the circumstances, concluded that Wilson understood the nature of the rights being read to him and realized the seriousness of the events at the time. There was also evidence from which the district court could have found that Mealor's statements to Wilson were not sufficient to undermine Wilson's free will. These findings are supported by the evidence in the record and are not clearly erroneous. Given the district court's findings of fact, we conclude that Wilson's statements to Mealor during the drive to Grangeville were voluntarily given. Thus, the district court did not err in denying the motion to suppress. Because we have concluded that Wilson's statements during the drive were voluntarily given, we need not address Wilson's second argument, that the first confession tainted the others.

## B. SENTENCE REVIEW

■ Wilson next challenges the sentence he received after pleading guilty to sexual abuse of a minor—fifteen years with a five-year minimum period of confinement. He properly notes that when reviewing a sentence, we employ an abuse of discretion standard. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

In this case, the district court considered all the possible mitigating circumstances that warranted a lesser sentence. The district court found that Wilson had no previous criminal history beyond traffic citations and that he was a hard worker who supported his family. On the other hand, the district court found that Wilson showed no remorse for his conduct and continued to perceive himself as the victim, placing the blame on his stepdaughter. The district court also considered the goals of rehabilitation, deterrence and retribution.

The district court properly considered the aggravating and mitigating circumstances as well as the goals of sentencing. Based on the record in this case, the district court did not abuse its discretion in imposing the sentence.

## C. WITHDRAWAL OF THE GUILTY PLEA

Following sentencing, Wilson sought to withdraw his guilty plea, claiming that the plea had been involuntarily entered and that there was newly discovered evidence that brought the victim's credibility into question. The voluntariness claim was based on Wilson's statements that at the time of the plea bargain, he was confused, scared and under pressure to make a decision quickly. He claims his wife ultimately made the decision for him. The new evidence of the victim's credibility consisted of an affidavit of Wilson's oldest son. In the affidavit, Wilson's son claims to have had a conversation with the victim where she admitted she was never touched by Wilson but was making the

claims for other reasons. The district court denied the motion.

 Generally, the decision to allow the withdrawal of a guilty plea is within the discretion of the district court. *Nellsch v. State*, 122 Idaho 426, 431, 835 P.2d 661, 666 (Ct.App.1992). Following sentencing, a guilty plea may only be withdrawn to prevent manifest injustice. I.C.R. 33(c). *State v. Gardner*, 126 Idaho 428, 885 P.2d 1144 (Ct. App.1994); *Nellsch*, 122 Idaho at 431, 835 P.2d at 666. It is the defendant's burden to establish manifest injustice. *State v. Detweiler*, 115 Idaho 443, 446, 767 P.2d 286, 289 (Ct.App.1989).

Prior to accepting Wilson's guilty plea, the district court went to great lengths to question Wilson and ensure his plea was being made voluntarily, knowingly and intelligently. At the hearing on the motion to withdraw the guilty plea, the district court reviewed its acceptance of the plea as well as the proceedings that led up to the plea bargain. The district court determined that Wilson was fully aware of the proceedings, the nature of his plea and had entered the plea voluntarily.

In his motion for withdrawal of the plea, Wilson asserted that during the proceedings he was very fearful of what would happen if he went to trial, was confused about the nature of the plea bargain, and felt pressure to make a decision because the trial was under way. Aside from his possible confusion regarding the plea bargain, the other concerns raised by Wilson are the types of concerns faced by all those who must decide whether to plead guilty. As to any possible confusion Wilson was experiencing, the district court carefully and fully explained the nature of the plea and its consequence prior to accepting Wilson's plea.

The district court determined that the allegations made by Wilson did not establish that manifest injustice would result if he were prohibited from withdrawing his plea. Upon reviewing the record, we conclude that the district court did not abuse its discretion in reaching this conclusion.

## CONCLUSION

The factual finding by the district court that Wilson had been read his Miranda rights is supported by evidence in the record and is not clearly erroneous. Our free review of the case leads us to conclude that Wilson's statements made during the drive were voluntarily given and were not therefore suppressible. The sentence imposed in this case was not an abuse of the district court's discretion, and the motion to withdraw the guilty plea following sentence was properly denied. The judgment of conviction and sentence are therefore affirmed.

WALTERS, C.J., and LANSING, J., concur.