897 P.2d 1002

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Steven A. SPRY, Defendant–Appellant.**

No. 21407.

Court of Appeals of Idaho.

June 15, 1995.

G. LaMarr Kofoed, Fruitland, for appellant.

Alan G. Lance, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

Steven A. Spry appeals from a judgment of conviction and sentence for burglary by aid-

ing and abetting. I.C. § 18–1401. On appeal, he asserts that his appointed counsel was ineffective and that the district court erred in denying Spry's motion to continue the trial, thereby coercing Spry to enter a plea of guilty. For the reasons set forth, we affirm the judgment of conviction and sentence.

The criminal complaint in this case charged Spry with entering Sav–On Lumber, located in Payette, Idaho, with the intent to commit theft. At the initial arraignment before the magistrate, Spry advised the magistrate that he would be represented by retained counsel. Attorney David Posey appeared at the time scheduled for the preliminary hearing, waived the hearing, and informed the magistrate that the state had agreed to release Spry on his own recognizance with specified conditions.

At the arraignment on the information, the district court was informed that attorney Posey would no longer be appearing for Spry because a fee agreement had not been reached. The district court questioned Spry as to his ability to pay for an attorney. The district court granted Spry a two-week continuance until he could make arrangements for an attorney. Spry appeared pro se at the next scheduled arraignment, requested court appointed counsel and another two-week continuance. The court then appointed counsel to represent Spry, and Spry was admonished to stay in contact with his appointed counsel. The matter was reset for a third arraignment on the information, at which time Spry entered a plea of not guilty to the burglary charge, and the case was set for trial.

Five months later and on the scheduled day of trial, Spry advised the district court that he was dismissing his court appointed counsel. Spry requested a continuance of the trial in order to engage new counsel. The district court denied Spry's motion to continue, informing Spry that the trial would proceed and that he had three options: (1) to defend his case pro se; (2) to represent himself with the assistance of his appointed counsel; or (3) to have his appointed counsel try the case. After a brief recess, Spry elected to proceed with the trial, appearing pro se. The district court explained that Spry would be required to know the law and to follow the rules of procedure during trial. The district court ordered that his appointed counsel remain to answer any questions Spry might have. The district court advised Spry that he had the right to subpoena witnesses and that the sheriff would serve any such subpoena which Spry could prepare during the recess. When the district court resumed the trial, Spry announced that he wanted to plead guilty to the charge.

Before accepting Spry's guilty plea, the district court questioned Spry to determine whether there was a factual basis for the plea. The district court advised Spry that, by pleading guilty, he would be waiving the presumption of innocence, his right to a jury trial, his right against self-incrimination, and his right to call and to cross-examine witnesses at trial. Spry thereafter pled guilty to aiding and abetting a burglary. The district court set a date for sentencing and ordered an updated presentence report covering the time since a prior presentence report had been prepared in another case.

As his first issue on appeal, Spry contends that his appointed counsel rendered ineffective assistance in failing to conduct interviews with his proposed witnesses. Spry further alleges that his counsel failed to investigate Spry's defenses to the charge before advising that he could not help Spry and that Spry would probably be found guilty.

A defendant alleging ineffective assistance of counsel at trial may raise the issue on direct appeal or reserve it for post-conviction proceedings, but he may not do both. *Parrott v. State*, 117 Idaho 272, 274, 787 P.2d 258, 260 (1990); *Nellsch v. State*, 122 Idaho 426, 835 P.2d 661 (Ct.App.1992). *See also* I.C. § 19–4901(b). If the issue is raised and considered on appeal, it becomes res judicata. *Parrott*, 117 Idaho at 274, 787 P.2d at 260. However, it is conceivable that the appellant may have a direct appeal pending on purported errors that arose during the trial, as shown by the record, and at the same time pursue the question of whether he was denied effective assistance of counsel in a post-conviction hearing as to matters arising outside the record. *Kraft v. State*, 100 Idaho 671, 674, 603 P.2d 1005, 1008 (1979).

Because the matters raised by Spry are addressed in the record, we will consider the claims of ineffective assistance which he raises in this appeal. *Compare State v. Congdon*, 96 Idaho 377, 529 P.2d 773 (1974).

In order to establish a violation of the constitutional guarantee to effective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Gibson v. State*, 110 Idaho 631, 634–35, 718 P.2d 283, 286–87 (1986). Evidence of an attorney's deficiency must be sufficient to overcome "a strong presumption that counsel's performance was within the wide range of reasonable professional assistance...." *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989).

The record reveals that Spry's court appointed counsel testified that Spry had no contact with counsel until a week before the scheduled trial date and that until that time, counsel had not heard from Spry and did not know where his client was. Counsel testified that Spry had not provided him with the names of any witnesses and Spry ultimately conceded that he had in fact not given the names of any witnesses to counsel. Counsel denied making a statement to Spry that he could not help him. Rather, counsel explained that he had advised Spry of the evidence against him, which in his opinion, would be sufficient for Spry to be found guilty of the burglary as charged. Based upon this record, we conclude that Spry has failed to establish that his counsel's representation fell below an objective standard of reasonableness, as required by *Strickland*, and has made no showing of prejudice stemming from his counsel's alleged inadequate representation.

Spry next argues that it was error for the district court to deny his motion for a continuance to obtain new counsel. Spry does not assert that he was denied his right to counsel when the court denied his motion, but that the denial of his motion coerced him into pleading guilty. As a result of that coercion, Spry contends that his guilty plea was involuntary and thus invalid.

Whether a trial court grants or denies a motion for continuance is a matter of discretion. *State v. Ward*, 98 Idaho 571, 569 P.2d 916 (1977); *State v. Hiassen*, 110 Idaho 608, 716 P.2d 1380 (Ct.App.1986). In this case, Spry requested a continuance on the morning of the scheduled trial, on the grounds that he desired to attempt to engage new counsel to replace the appointed counsel in whom he expressed dissatisfaction and a lack of trust. After hearing testimony from Spry and from counsel, the district court determined that Spry had failed to keep in contact with counsel and had failed to communicate his version of the case to assist counsel in preparing for trial. The district court's file indicated that Spry had been unable to reach a fee agreement with attorney Posey, who was hired by Spry at the start of his case. In response to questions by the district court, Spry admitted that he had no money to retain other counsel for trial. The district court also recalled that Spry only sought to have counsel appointed after the first two-week continuance. The district court believed that Spry was manipulating the system to delay the proceedings. Upon the record presented, we find no abuse of discretion in the district court's denial of Spry's continuance motion.

Because the district court denied his request to continue the trial, Spry contends that he was coerced into pleading guilty. When the voluntariness of a guilty plea is challenged on appeal, we conduct an independent review of the record. *State v. Ayala*, 118 Idaho 94, 95, 794 P.2d 1150, 1151 (Ct.App.1990), *citing State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976). We consider the totality of the circumstances in determining the voluntariness of a plea. *State v. Turner*, 95 Idaho 206, 506 P.2d 103 (1973); *State v. Dunlap*, 123 Idaho 396, 848 P.2d 454 (Ct. App.1993).

A plea of guilty is deemed coerced only where it is improperly induced by ignorance, fear or fraud. *Lockard v. State*, 92 Idaho 813, 451 P.2d 1014 (1969); *Mata v. State*, 124 Idaho 588, 861 P.2d 1253 (Ct.App.1993). If an innocent person would have felt compelled to plead guilty in light of the circumstances, it can properly be said

that the plea was involuntary. *Mata, supra.* We have held that anxiety and pressure from defendant's family situation did not constitute impermissible coercion rendering his guilty plea involuntary. *Id.*; *State v. Wilson,* 126 Idaho 926, 894 P.2d 159 (Ct.App.1995); *Amerson v. State,* 119 Idaho 994, 812 P.2d 301 (Ct.App.1991). We have also held that a prosecutor's negotiations with the defendant are not *per se* coercive and will not constitute grounds for challenging the validity of a guilty plea where proper plea negotiation procedures are used. *State v. Fortin,* 124 Idaho 323, 859 P.2d 359 (Ct.App.1993).

Here, Spry imputes the alleged coercion to the district court. The colloquy between the district court and Spry, however, provides no support for Spry's argument that the plea was coerced. Spry was faced with conducting his own defense and producing his witnesses to appear at the trial which was to begin after a brief recess. Spry had been placed in this position by his own refusal to cooperate with his appointed attorney. During the recess, Spry reassessed his position and independently made the decision to plead guilty rather than to proceed with trial. Under further questioning by the district court, Spry admitted his involvement in the burglary. Therefore, no basis has been shown to set aside Spry's guilty plea.

We affirm the judgment of conviction and sentence.

WALTERS, C.J., and LANSING, J., concur.