# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42905

| | |
|---|---|
| STATE OF IDAHO, | ) 2016 Opinion No. 36 |
| | ) |
| Plaintiff-Respondent, | ) Filed: June 15, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| KEITH A. BROWN, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Fred M. Gibler, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

GUTIERREZ, Judge

Keith A. Brown appeals from a judgment of conviction for voluntary manslaughter and accessory to grand theft entered following a conditional guilty plea. Brown challenges the district court's denial of his motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Brown and his wife were arrested in Florida on March 20, 2007.[1] Brown was arrested on a fugitive warrant from Idaho and his wife on a fugitive warrant from Montana. Brown's warrant stemmed from a grand theft charge for his use of a missing man's debit card. Florida

---

[1]    For a more detailed factual background, *see State v. Brown*, 155 Idaho 423, 313 P.3d 751 (Ct. App. 2013).

1

law enforcement officials interviewed both Brown and his wife about the alleged grand theft, as well as the man's disappearance. Brown was first interviewed on March 20, wherein he denied any involvement in the man's disappearance. Later, on March 21, police identified a discovered body as belonging to the missing man. During the interview of Brown's wife, she confessed to shooting the man and hiding his body because he had raped her.

Police interviewed Brown for a second time on March 22. At the beginning of the interview, the officer advised Brown of his *Miranda*[2] rights. Throughout the interview, the officer made various statements to Brown indicating that Brown's wife had already confessed to everything during her interview and that Brown needed to tell his side of the story. At times, the officer suggested Brown was justified in his actions because he was defending his wife from her rapist. Eventually Brown confessed to killing the man.

Brown was charged with first degree murder, Idaho Code §§ 18-4001, 18-4003(a); being a felon in possession of a firearm, I.C. § 18-3316; and grand theft, I.C. §§ 18-2403, 18-2407(1)(b). Brown filed a number of motions to suppress, each of which were denied by the district court. Brown eventually entered a conditional *Alford*[3] plea to voluntary manslaughter, I.C. § 18-4006(1), and accessory to grand theft, I.C. §§ 18-205, 18-2403(1), and 18-2407(1), retaining the right to appeal any prior adverse ruling of the district court.

Brown appealed his conviction to this Court, and we affirmed the district court on all issues except for the court's denial of Brown's motion to suppress. *State v. Brown*, 155 Idaho 423, 437, 313 P.3d 751, 765 (Ct. App. 2013). On that issue, we remanded the case for a new hearing to determine the voluntariness of Brown's statements to the interrogating officer. *Id.* At the suppression hearing, the district court heard testimony from the officer who questioned Brown and his wife in March 2007, the psychologist who performed a competency evaluation on Brown in July 2008, and Brown. The court was also presented with video recordings of the police interviews with Brown and Brown's wife.

After considering the totality of the circumstances surrounding Brown's interrogation, the district court found that the State carried its burden of proof establishing that Brown's statements were voluntary. The district court denied his motion to suppress. Brown timely appeals.

---

[2]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[3]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

## II.

## ANALYSIS

Brown maintains that the district court erred in denying his motion to suppress incriminating statements to police. Specifically, he contends that his statements were the result of police coercion and thus involuntary. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

To determine whether a confession is voluntary, a court must examine the totality of the circumstances and ask whether the defendant's will was overborne by police conduct. *Arizona v. Fulminante*, 499 U.S. 279, 287-88 (1991); *State v. Troy*, 124 Idaho 211, 214, 858 P.2d 750, 753 (1993); *State v. Valero*, 153 Idaho 910, 912, 285 P.3d 1014, 1016 (Ct. App. 2012). In determining the voluntariness of a confession, a court should consider the characteristics of the accused and the details of the interrogation, including whether *Miranda* warnings were given, the youth of the accused, the accused's level of education or low intelligence, the length of the detention, the repeated and prolonged nature of the questioning, and deprivation of food or sleep. *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *Troy*, 124 Idaho at 214, 858 P.2d at 753; *Valero*, 153 Idaho at 912, 285 P.3d at 1016. The presence or absence of *Miranda* warnings is a particularly significant factor. *Missouri v. Seibert*, 542 U.S. 600, 608-09 (2004) ("[M]aintaining that a statement is involuntary even though given after warnings and voluntary waiver of rights requires unusual stamina, and litigation over voluntariness tends to end with the finding of a valid waiver."); *Berkemer v. McCarty*, 468 U.S. 420, 433 n.20 (1984) ("[C]ases in which a defendant can make a colorable argument that a self-incriminating statement was 'compelled' despite the fact that the law enforcement authorities adhered to the dictates of *Miranda* are rare."). If, under the totality of the circumstances, the defendant's free will was overborne by threats, through direct or implied promises or other forms of coercion, then the statement is not voluntary and is inadmissible. *Fulminante*, 499 U.S. at 285-87; *Troy*, 124 Idaho at 214, 858 P.2d

3

at 753; *Valero*, 153 Idaho at 912, 285 P.3d at 1016. When a defendant alleges an interrogation to be coercive, the State bears the burden of proving voluntariness of the defendant's confession by a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 489 (1972); *State v. Yager*, 139 Idaho 680, 685, 85 P.3d 656, 661 (2004); *State v. Johns*, 112 Idaho 873, 878, 736 P.2d 1327, 1332 (1987).

In this case, after considering the totality of the circumstances surrounding Brown's interrogation, the district court concluded that the State met its burden of proving Brown's statements were voluntary. The court found the facts of the interrogation itself weighed in favor of voluntariness: Brown was given *Miranda* warnings; he was not deprived of food or sleep; the interrogation was not unduly long; and the interrogating officer was "low key" and nonthreatening. The court also found that Brown's intelligence and psychological characteristics weighed in favor of voluntariness. As to Brown's claim that his statements were involuntary due to the interrogating officer's threats to arrest Brown's wife if he did not confess, the court found that any such threat, either express or implied, would have been made in good faith, and thus would not render Brown's confession involuntary.

On appeal, Brown maintains that the interrogating officer elicited an involuntary confession from Brown by manipulating Brown's relationship with his wife. He contends the officer took advantage of Brown's vulnerable mental state and his desire to protect his wife from prosecution. Brown does not challenge any of the other factors considered by the district court under its totality of the circumstances analysis. Brown points to two earlier decisions from this Court to support his claim that his statements were involuntary due to coercive tactics: *State v. Davis*, 115 Idaho 462, 767 P.2d 837 (Ct. App. 1989) and *State v. Schumacher*, 136 Idaho 509, 37 P.3d 6 (Ct. App. 2001).

In *Davis*, a defendant denied involvement in a robbery during an interrogation. *Davis*, 115 Idaho at 463, 767 P.2d at 838. Police then arrested the defendant's mother for her alleged involvement in the robbery. *Id.* The prosecutor again interrogated the defendant, on the day before he was to be released from prison, informing the defendant that his mother was being detained because of his failure to disclose his involvement in the robbery. *Id.* at 464, 767 P.2d at 839. The defendant then confessed. *Id.* We held that the combination of the defendant's pending release from prison, his mother's arrest, the timing of the interrogations, the reference to the mother's plight, and the mother's release shortly after the defendant's confession due to

4

insufficient evidence to justify her arrest all had the cumulative impact of demonstrating coercive police conduct. *Id.* Thus, the defendant's confession was involuntary due to police coercion. *Id.*

In *Schumacher*, police interrogators told a defendant that his wife would be arrested if the police discovered evidence of her participation in the alleged crime. *Schumacher*, 136 Idaho at 517, 37 P.3d at 14. To protect his wife, the defendant made self-incriminating statements. *Id.* at 517-18, 37 P.3d at 14-15. We acknowledged that threats to prosecute a defendant's loved ones without a legitimate basis may be coercive and can render a confession involuntary. *Id.* at 517, 37 P.3d at 14. However, we also recognized that a suspect's confession is not involuntary *merely* because it was motivated by the desire to prevent a good faith arrest of a loved one. *Id.* We concluded that because the threat to arrest the defendant's wife was not unjustified, and because the interrogating officer never suggested the defendant could prevent his wife's arrest by confessing, there was no coercive conduct by police. *Id.* Thus, the defendant's confession was voluntary. *Id.*

Here, the facts of Brown's case are more akin to the facts in *Schumacher* than those in *Davis*. During the interrogation of Brown's wife, she confessed to killing the victim and hiding the body. Based upon Brown's wife's confession alone, there was sufficient probable cause to justify bringing criminal charges against her. Moreover, she was arrested and prosecuted for that crime. Thus, unlike *Davis*, any threat to Brown, either express or implied, to bring charges against his wife were made in good faith. Brown argues there was an absence of good faith because the interrogating officer did not believe Brown's wife's confession. However, this argument misconstrues the good faith requirement of *Schumacher*. The term "good faith" refers to whether bringing charges is justified based upon sufficient probable cause; the subjective belief of the officer would not be relevant to such a finding. *See State v. Chapman*, 146 Idaho 346, 351, 194 P.3d 550, 555 (Ct. App. 2008) ("[T]he officer's subjective belief concerning the existence of probable cause, even if the officer thought that probable cause to arrest was lacking, is not determinative.").

Because any threats of charging Brown's wife were justified, any self-incriminating statements by Brown to protect his wife were not involuntary. Moreover, just as in *Schumacher*, at no time did the interrogating officer suggest that Brown could prevent his wife's prosecution by confessing. Absent any other evidence of police coercion, Brown's self-incriminating statements were not involuntary merely because they were motivated by his desire to protect his

wife from prosecution.  *See State v. Wilson*, 126 Idaho 926, 929, 894 P.2d 159, 162 (Ct. App. 1995) ("[P]sychological pressures bearing on a defendant that are not created by police conduct do not require the suppression of a confession.").  Therefore, the district court did not err in concluding that based on the totality of the circumstances, the State proved by a preponderance of the evidence that Brown's confession was voluntary.

### III.

### CONCLUSION

The State proved by a preponderance of the evidence that Brown's confession was voluntary, based on the totality of the circumstances.  Therefore, we affirm the district court's denial of Brown's motion to suppress.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.